IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEFF PAUL RIEDNER, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | C.A. NO. C-05-254 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutional Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS

For the reasons stated herein, it is respectfully recommended that the Court

grant respondent's motion to dismiss petitioner's writ of habeas corpus.

## I. BACKGROUND

On May 19, 2005, Texas state prisoner Jeff Paul Riedner filed a petition,

pursuant to 28 U.S.C. § 2254, for writ of habeas corpus by a person in state

custody.  (D.E. 1).  Mr. Riedner was ordered, by this Court, on June 27, 2005 to file

a more definite statement of the facts involved in his claims.  (D.E. 6).  He filed his

response to this order on July 7, 2005, (D.E. 7), and respondent was served shortly

thereafter.

Respondent filed the instant motion to dismiss on August 16, 2005.  (D.E.

12).  In this motion, respondent argues that Mr. Riedner has previously filed a

federal writ of habeas corpus in the United States District Court for the Western District of Texas ("Western District"), and therefore, the current habeas action pending before this Court should be construed as a second or successive petition.[1] (D.E. 12, at 1).  Respondent further argues that the Court should dismiss Mr. Riedner's petition for want of jurisdiction.  (D.E. 12, at 2).  Mr. Riedner has not filed a response to respondent's motion to dismiss.[2]

## II.  <u>DISCUSSION</u>

Federal habeas corpus review on a second or successive habeas application is extremely limited.  A claim for habeas relief that was not submitted in the prior application must be dismissed unless the petitioner can show the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant

---

[1] Respondent alleges that petitioner has filed at least one prior federal habeas petition. Respondent submitted, as exhibits to the motion to dismiss, a copy of the federal habeas petition, and judgment in <u>Jeff Paul Riedner v. Douglas Dretke</u>, No. SA-03-CA-49-FC (W.D. Tex. Jan. 27, 2004) (unpublished).  (D.E. 12, at Exhibit A).  The case in the Western District was dismissed, and Mr. Riedner was denied a certificate of appealability.

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

guilty." 28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by
> this section is riled in the district court, the applicant shall
> move in the appropriate court of appeals for an order
> authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or

successive appeal upon the finding that the petitioner has made a prima facie

showing that the application meets the requirements of § 2244.  28 U.S.C.

§ 2244(b)(3).  The statute does not set forth a definition of the term "second or

successive application."  The Fifth Circuit, however, has held that "a later petition is

successive when it: 1) raises a claim challenging the petitioner's conviction or

sentence that was or could have been raised in an earlier petition; or 2) otherwise

constitutes an abuse of writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per

curiam) (citations omitted).

In his habeas petition filed in the Western District, Mr. Riedner raised the

same claims as he now raises before this Court.  Both petitions challenge the state's

failure to deduct time served in federal custody from his state custody.  (D.E. 1, at

8); (D.E. 12, Ex. A, at 8).  He argues that because the sentencing judge stated his

state sentence was to run concurrently with his federal sentence that he is entitled to

credit for time spent in federal custody.  Id.  Mr. Riedner's petition, (D.E. 1), should

3

be considered a successive application because he is raising the same claims as were previously raised in his petition before the Western District.

Mr. Riedner failed to inform this Court that he had previously filed a writ of habeas corpus in federal court.  (D.E. 1).  Moreover, he has not indicated, in any of the documents submitted to this Court, that he has sought authorization from the Fifth Circuit to file a successive petition for habeas relief.  Therefore, pursuant to the statutory provisions governing habeas review, this Court does not have jurisdiction to review the merits of his claims.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss Mr. Riedner's petition for habeas relief.

Respectfully submitted this 31st day of October 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).